ELA, *Guard., Ap't, v.* BRAND *& a.*

A step-father who assumes the relation of a parent to his infant step-son accepts the parental obligation of supporting him, so far as such obligation would affect the claim of a father for an allowance out of the child's property for maintenance.

What allowance, if any, shall be made to a father out of his children's property for their maintenance is a question of equity, to be decided upon a consideration of the circumstances of the case, including the respective estates of father and child, and with a due regard for the general rule of parental duty; and on this question, evidence of the contemporaneous understanding of the parties is admissible, but not conclusive.

PROBATE APPEAL, from a settlement of the account of the plaintiff as guardian of the defendants, Ella Brand and Charles Brand. In 1868 the plaintiff married Mrs. Brand, the widowed mother of the defendants, who were then about nine and seven years old respectively. During her widowhood she had a pension, to which, from the date of her remarriage, the defendants became entitled until they were sixteen years of age. U. S. Rev. St., s. 4702. The defendants had no other property, and the plaintiff was appointed their guardian for the sole and necessary purpose of obtaining their pension; and he received it until they were sixteen years of age,—the share of Ella during that time amounting to $482.93, and the share of Charles to $705.93. At the remarriage of their mother, the defendants went with her to the plaintiff's house, and were supported and educated by him as members of his family. But he did not intend to support and educate them gratuitously, except so far as their means might be less than their expense. The defendants offered to prove that the plaintiff, to induce their mother to marry him, promised to take care of her children and give them a home; and that he told two other persons he had agreed, if Mrs. Brand would marry him, he would take her children, clothe and educate them, and be a father to them. The defendants also offered to prove, by the testimony of the defendant

Charles, that he would not have lived with the plaintiff if he had supposed he was to pay for his board.

*Bingham, Aldrich & Remick,* for the plaintiff.

The plaintiff's marriage did not impose upon him a legal obligation to support the defendants. *Cooper* v. *Martin,* 4 East 76; *Freto* v. *Brown,* 4 Mass. 675; *Worcester* v. *Marchant,* 14 Pick. 510; Schoul. Dom. Rel. 378. Whether he has assumed the burden of supporting them is a question of fact; and the burden of proof is on them. *Mowbry* v. *Mowbry,* 64 Ill. 383; *Smith* v. *Rogers,* 24 Kan. 140; *Academy* v. *Bobb,* 52 Mo. 357. Their pension was given by the government to supply their present wants, and should be applied to their support. Schoul. Dom. Rel. 323, 325; *Harring* v. *Coles,* 2 Bradf. Sur. 349; *Re Marx,* 5 Abb., N. Y., new cases, 224; *Haltzman* v. *Castleman,* 2 McArthur 555; *Trimble* v. *Dodd,* 2 Tenn. Ch. 500; *Mowbry* v. *Mowbry, supra; Watts* v. *Steele,* 19 Ala. 656; *McKnight* v. *Walsh,* 8 C. E. Green 136; 2 Sto. Eq., s. 1354.

*Ray, Drew, Jordan & Carpenter* and *Bingham, Mitchell & Batchellor,* for the defendants.

The plaintiff, receiving his wife's children into his family, stood *in loco parentis,* and could not charge for board, nor be compelled to pay for their services. 2 Kent Com. 192; 2 Wait Act. & Def. 566; *Mulhern* v. *McDavitt,* 16 Gray 404; *Williams* v. *Hutchinson,* 3 Comst. 312—*S. C.,* 5 Barb. 122; *Munger* v. *Munger,* 33 N. H. 581; *Cutts* v. *Cutts,* 58 N. H. 602; *Cook* v. *Bennett,* 51 N. H. 85; *Fitch* v. *Peckham,* 16 Vt. 150; *Davis* v. *Goodenow,* 27 Vt. 715; *Bannister* v. *Bannister,* 44 Vt. 624; *Sharp* v. *Cropsey,* 11 Barb. 224; *Welch* v. *Burris,* 29 Iowa 186; *Bradford* v. *Bodfish,* 39 Iowa 681; *Lantz* v. *Frey,* 14 Penn. St. 201—*S. C.,* 19 Penn. St. 366; *Hussey* v. *Roundtree,* Busb. (Law, N. C.) 110; *Crosby* v. *Crosby,* 1 S. C. (N. S.) 347; *Riddle* v. *Riddle,* 5 Rich. Eq. (S. C.) 31, 34; *Brush* v. *Blanchard,* 18 Ill. 46; *Folger* v. *Heidel,* 60 Mo. 284.

Doe, C. J. The plaintiff, as step-father, received and supported the defendants as members of his family, with no agreement, express or implied, that he should pay for their services, or be paid for their maintenance. The relation of parent and child was so far assumed that they acquired no right of action for service, and he acquired no right of action at law for support. His concealed intention to take payment out of their property would not make him their creditor. The guardian account is to be settled as if he were their father, and another person their guardian. He was not authorized, as guardian, to release himself from the duty of support appurtenant to his parental position. A guardian's appropriation of the trust fund to expenses that ought to be borne by the wards' father, may be waste, and fiduciary malfeasance.

What allowance, if any, shall be made to a father out of his children's property, for their maintenance, is a broad question of equity. The circumstances of each case, including the respective estates of father and child, are considered; and the decision is a just and reasonable conclusion of fact, with due regard for the general rule of parental duty. 2 Kent Com. 191, 192; *Mulhern* v. *McDavitt*, 16 Gray 404, 407. Evidence of all the equities of the case is admissible. Although the defendants' pension was apparently designed, like a testamentary annuity, for their present support, its source and purpose did not necessarily discharge or reduce the ordinary obligation of that parental relation which the plaintiff accepted; and his express promise to give them a home and maintenance would not necessarily bar his claim for some compensation out of the pension. He might properly expend for them more than he was understood to promise. He might become unable to support them.

The evidence offered by the defendants is admissible. The understanding of these parties and the defendants' mother is relevant, though not necessarily conclusive. An express contract of all parties concerned, that the plaintiff should support the defendants at his own expense, would not have deprived them of their right of pensionary support if the plaintiff had lost his means of supporting himself. The testimony of the defendant Charles is competent to show his understanding of the terms on which he was a member of the plaintiff's family. If the defendants, being informed of the plaintiff's intention to claim payment for their board, had proposed to leave his house, support themselves, and save their pension, his legal control of their personal liberty would not have prevented a consideration of their proposal by the probate court. If he had informed them that he could not pay some or any of their expenses, and they had requested him to take payment out of their property, their request, though not legal authority for the payment, would have been admissible evidence on the general question of the equitable application of the trust fund. His inability to maintain them might not require him to turn them out of doors against their mother's remonstrance; and if he believed they would endeavor to live by their own industry rather than consume their pension, and that it was for their interest to do so, good faith might require him to disclose his opinion on the subject. Although they had not the legal control of their property, it would not have been illegal for him to ascertain whether they would consent or object to his proposed expenditure of their money, nor improper for him to pay some heed to their strong and reasonable desire to keep it. They were the equitable owners; and their inclination to save it might be entitled to more weight in his judgment, and in the judgment of a court of equity, than their consent or determination to spend it.

On a bill in equity, brought by him as guardian for instructions,

he could have presented a claim for an allowance that would relieve him, to some extent, prospectively, from the parental obligation of support. Avoiding that course, he acted at his peril in furtherance of his own interest, which was in conflict with his duty as guardian, and the duty of the parental place he occupied. On such a bill, the law would have given due weight to a sensible protest of the wards or their mother; and the plaintiff was not bound to disregard a fact which the law would consider. He was not an irresponsible master of the defendants, nor an irresponsible disposer of their property. In this settlement of his account his claim is no stronger than it would have been on a bill asking instructions; and as the testimony of the defendant Charles would have been admissible on such a prospective bill, it is admissible on this retrospective settlement. If the plaintiff's concealment of his intended claim prevented a manifestation of the defendants' objection, the plaintiff gained nothing thereby.

No facts are stated here on which his claim can be allowed; but his account will be settled, on equitable principles, by the court at the trial term.

STANLEY, J., did not sit: the others concurred.